**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANGELICA CAPITAL TRUST,                                     :
                                                            :
                              Petitioner,                   :
                                                            :
              -against-                                     :
                                                            :
ADDICTION RECOVERY CARE LLC, TIM                            :
ROBINSON, LELIA ROBINSON, ARC HEALTH                        :
SYSTEMS, LLC, LONDON VALU RITE                              :
PHARMACY, INC. (D/B/A SOUTH CREEK DRUG),                    :          ORDER
PIONEER HEALTH GROUP LLC, SCIENCE HILL                      :
FAMILY CARE, LLC (D/B/A PIONEER RURAL                       :       26 Civ. 241 (GBD)
HEALTH CLINIC, PIONEER RURAL HEALTH                         :
CLINIC LOUISA, and RIVERVIEW RURAL HEALTH                   :
CLINIC), SPRINGFIELD PIONEER RURAL HEALTH                   :
CLINIC, LLC, MILLARD COLLEGE LLC, MAIN                      :
STREET INDUSTRIES, LLC, SECOND CHANCE                       :
ENTERPRISES, LLC, ROBINSON FARM, LLC,                       :
DESTINY WORKFORCE SOLUTIONS LLC,                            :
SHELTON ROBINSON PROPERTIES LLC, and DOES                   :
1-100,                                                      :
                                                            :
                              Respondents.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, United States District Judge:

Petitioner Angelica Capital Trust ("Petitioner") brings this petition for an injunction in aid

of arbitration, seeking to prevent Respondents Addiction Recovery Care LLC ("ARC"), its two

owners, Tim and Lelia Robinson, and ARC's subsidiaries (collectively, the "Respondents") from

dissipating funds owed to Petitioner. (See Am. Pet., ECF No. 27.) On January 12, 2026, Petitioner

filed the original petition. (See Pet., ECF No. 1.)

On January 13, 2026, this Court issued an Order to Show Cause that temporarily restrained

Respondents from transferring funds outside of their bank account, pending a hearing on

Petitioner's application for a preliminary injunction. (O.S.C., ECF No. 14 at 2–3.) On January

20, 2026, Petitioner filed an amended petition, which added ARC's subsidiaries to the petition.

(*See* Am. Pet. ¶ 8–17.)  That same day, Respondents filed an opposition to the petition.  (Opp., ECF No. 31.)  On January 21, 2026, this Court heard oral argument on Petitioner's request for a preliminary injunction.

Based on the current record and the parties' representations during the preliminary injunction hearing, this Court finds that Petitioner is entitled to preliminary relief.  Petitioner has demonstrated that it will suffer irreparable harm absent a preliminary injunction freezing certain liquid assets in Respondents' possession because Respondents are "on the brink of insolvency." *See CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779 (2d Cir. 2010) (*citing  Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249–50 (2d Cir.1999)).  Further, Respondents do not contest that they are likely to lose on the merits of this contractual dispute.  Finally, the balance of hardships and public interest tip decidedly in Petitioner's favor as Respondents readily admit that they have withheld and spent a significant portion of Petitioner's funds.  Accordingly, Petitioner's amended petition for a preliminary injunction in aid of arbitration is GRANTED.

As put forth in their opposition, Respondents currently have $5,706,872.75 in total liquid assets.  (Opp. at 8.)  Petitioner estimates, and Respondents do not contest, that at the completion of arbitration proceedings, Respondents will likely owe Petitioner upward of $10 million.  (ECF 13 ¶ 11.)  While Petitioner is likely entitled to the remaining liquid assets, this Court recognizes that issuing an injunction that completely blocks Respondents' ability to transfer funds would likely harm Respondents' patients and employees.  (*Id.* ¶ 9–10.)

The situation is further complicated by Respondents' claim that they will soon finalize an asset sale that will allow them to satisfy their financial obligation to Petitioner by February 4, 2026.  (Robinson Decl., ECF No. 34 ¶ 14.)  Accordingly, this Court enjoins Respondents during the pendency of this action from transferring, causing to be transferred, or taking any action to transfer

$4,706,872.75 of their remaining total liquid assets. This figure represents Respondents' total remaining liquid assets less the approximately $1,000,000 in daily operating expenses Respondents' counsel represented they would incur between now and February 4, 2026.

Petitioner's amended petition for a preliminary injunction, (ECF No. 27,) is GRANTED. Respondents are ordered to place $4,706,872.75 in a separate bank account, segregated from the $1,000,000 reserved for daily operating expenses. Respondents shall not transfer, cause to be transferred, or take any action to transfer the $4,706,872.75 out of the segregated bank account during the pendency of this action without further order of this Court. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
       January 22, 2026

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

3