**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANGELICA CAPITAL TRUST,               :
                                      :
                   Petitioner,        :
                                      :
        -against-                     :          MEMORANDUM DECISION
                                      :              AND ORDER
ADDICTION RECOVERY CARE LLC, et al.,  :
                                      :          26 Civ. 241 (GBD)
                   Respondents.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, United States District Judge:

Movant Clear Cove Opportunities Fund I LLC ("Clear Cove") seeks to intervene in this action pursuant to FRCP 24 as an interested party. Because Clear Cove has failed to show that any interest it may have would be impaired by the disposition of this action, its motion to intervene is DENIED.

## I.    BACKGROUND

This motion and the underlying action stem from Petitioner Angelica Capital Trust's ("Angelica") and Clear Cove's purchase of certain Employee Retention Credit ("ERC") tax refunds from Respondent Addiction Recovery Care LLC ("ARC"). As alleged in Angelica's January 12, 2026 petition for injunction in aid of arbitration, on November 12, 2025, Angelica executed two agreements with ARC for the sale and purchase of ARC's Q1 2021 and Q2 2021 ERC refunds. (*See* Am. Pet., ECF No. 27 ¶ 26.) On December 2, 2025, ARC informed Angelica that it had received the ERC refunds from the IRS. (*Id.* ¶ 38.) Instead of promptly transferring the ERC refunds, ARC made multiple requests throughout December for additional time to pay Angelica. (*Id.* ¶ 44–52.) ARC represented that this additional time was necessary to allow ARC

to finalize the sale of its business to another entity. (*Id.* ¶ 52.) In the interim, ARC spent a significant portion of the ERC refunds to pay operational expenses. (*See* ECF No. 31, at 7–8.)

On January 12, 2026, Angelica filed an arbitration with the American Arbitration Association against ARC. (*See* Am. Pet. ¶ 60.) That same day, Angelica initiated this action, seeking to enjoin ARC from further dissipating the ERC refunds during the pendency of the arbitration proceedings. (ECF No. 1.)

On January 21, 2026, this Court heard oral argument on Angelica's preliminary injunction motion. On January 22, 2026, this Court granted Angelica's petition for injunction in aid of arbitration. This Court ordered ARC to segregate $4.7 million of its remaining liquid assets into a separate account (the "Restrained Funds"). This Court also enjoined ARC "during the pendency of this action from transferring, causing to be transferred, or taking any action to transfer [the Restrained Funds]." (Jan. 22 Order, ECF No. 64, at 2–3.)

On January 28, 2026, Clear Cove filed a proposed order to show cause, seeking leave to intervene and for a temporary restraining order and preliminary injunction. (ECF No. 74.) Clear Cove alleges that on July 18, 2025, it executed an agreement with ARC for the sale of ARC's Q1 2021 ERC refund, the very same ERC refund ARC sold to Angelica on November 12, 2025. (Mem. L. Supp. Intervention, ECF No. 75, at 3–5.) Clear Cove claims that this prior sales agreement makes it the bona fide owner of ARC's Q1 2021 ERC refund, and its interest in the Restrained Funds is superior to Angelica's interest. (*Id.* at 5.)

On February 10, 2026, counsel for ARC informed this Court that ARC has not been able to finalize the sale of its business, and there is currently no firm closing date. (ECF No. 94, at 1.) The parties have not provided this Court with any further updates on the status of the sale.

2

On February 10, 2026, Angelica filed an opposition to Clear Cove's motion to intervene. (Opp., ECF No. 98.) On February 17, 2026, Clear Cove filed its reply. (Reply, ECF No. 99.)

## II.    LEGAL STANDARD

"On timely motion, the [district] court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A movant seeking to intervene as of right must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022). "Failure to satisfy *any one* of these [four] requirements is a sufficient ground to deny the application." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006) (internal citation omitted) (emphasis and alteration in original).

## III.    THE MOTION TO INTERVENE IS DENIED

The parties do not dispute that the application was timely filed or that Clear Cove has alleged an interest in the Restrained Funds. (*See* Mem. L. Supp. Intervene at 8; Opp. at 3). Angelica primarily argues that Clear Cove does not have a right to intervene because a disposition in this action would not impair Clear Cove's interest. (*See* Opp. at 3.) Angelica is correct. This action was not brought to determine Angelica's entitlement to the Restrained Funds, but rather to enjoin ARC from further dissipating their remaining assets during the pendency of Angelica and ARC's arbitration proceedings. Because this Court is not tasked with determining which of ARC's creditors has a superior interest in the ERC refund, no disposition in this action will hinder Clear Cove's ability to separately litigate its claim. *See In re Holocaust Victim Assets Litig.*, 225 F.3d

191, 199 (2d Cir. 2000) (finding that "[b]ecause appellants remain free to file a separate action, they have not established that they will be prejudiced if their motion to intervene is denied"). Furthermore, this Court's issuance of a preliminary injunction, which ordered ARC to segregate $4.7 million of its remaining liquid assets, adequately protects the funds. Accordingly, Clear Cove has failed to show that its purported interest in ARC's Q1 2021 ERC refund requires intervention or further order of this Court. This action merely maintains the status quo during arbitration. The funds are ordered frozen during the pendency of the arbitration and until further order of this Court.

However, this Court orders Angelica and ARC to promptly inform Clear Cove if a settlement is reached or if there is an arbitration award.

## IV. CONCLUSION

Clear Cove's motion to intervene, (ECF No. 74,) is DENIED. ARC and Angelica are ordered to promptly inform Clear Cove if the parties reach a settlement or obtain an arbitration award that would result in the distribution of the Restrained Funds. The Clerk of Court is directed to close the motion accordingly and place this case on the suspense docket pending arbitration.

Dated: New York, New York
      February 24, 2026

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4