John Moore
Partner

212-612-0667
jmoore@schlamstone.com

Schlam Stone
&Dolan LLP
26 Broadway, New York, NY 10004
Main: 212 344-5400    Fax: 212 612-1226

April 21, 2026

VIA CM/ECF
Hon. George B. Daniels
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**SO ORDERED:**

George B. Daniels, U.S.D.J.

Dated:  APR 2 1 2026

The Clerk of Court is directed to seal docket entry 12-1

Re:   *Angelica Capital Trust v. Addiction Recovery Care LLC et al*
      26-cv-00241-GBD

Dear Judge Daniels:

This firm represents Respondents Addiction Recovery Care LLC, Tim Robinson, and Leila Robinson (collectively, "ARC") in this matter.

I write today to request that the Court order the sealing of docket entry 12-1 in this matter, which consists of a draft settlement agreement between ARC and the United States Attorney's Office for the Eastern District of Kentucky (the "Draft Settlement Agreement"). I further request the sealing of any subsequent Order or filing that references the Draft Settlement Agreement. I have conferred with counsel for Petitioner Angelica Capital Trust ("Angelica") and been informed that Angelica does not oppose ARC's request.

The Draft Settlement Agreement was filed as an exhibit to one of the initial filings in this matter. It had previously been provided to Angelica in confidence as part of the negotiations of a potential deal between the parties to this litigation. Angelica has since submitted a letter to the court indicating that it had filed documents it had agreed with ARC would remain confidential and requesting that certain redactions be allowed (ECF No. 26). This Court granted that request (ECF No. 63). Nonetheless, the Draft Settlement Agreement remained unredacted and unsealed on the docket. The U.S. Attorney's Office for the Eastern District of Kentucky has asked that ARC take steps to seal that particular docket entry ██████████████████████████ ██████████████.[1]

There are two independent reasons to grant this request. ██████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

---

[1] Because articulating one of the reasons docket entry 12-1 should be sealed would itself disclose sealed information, the version of this letter filed on the public docket has been redacted to protect that information. A complete and unredacted version of this letter will also be filed under seal.

Hon. George B. Daniels
April 21, 2026
Page 2 of 3



Second, when, as here, the document in question is a draft of a settlement agreement, the standard for sealing is easily met. Under the familiar framework, the court must determine (1) whether the document is a "judicial document" such that a presumption of public access applies, (2) the weight to be given any such presumption, and (3) if any competing considerations outweigh the right of public access to that document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Agence France Presse v. Morel*, 2014 WL 5568562, at *1 (S.D.N.Y. Nov. 3, 2014). Here, the Court need only consider the first step of this analysis because a draft settlement document does not qualify as a judicial document.

The Second Circuit has long been clear that "the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998). Indeed, such documents "do not carry a presumption of public access" at all. *Id.* at 857; *accord Heilbut v. Cassava Scis., Inc.*, 2025 WL 1653839, at *1 (S.D.N.Y. June 10, 2025); *Liu v. Nielsen Co. (US) LLC*, 2023 WL 3750116, at *2 (S.D.N.Y. June 1, 2023). This follows from the fact that a court "cannot act upon these discussions or documents until they are final" and so those documents have "no value to those monitoring the exercise of Article III judicial power by the federal courts." *Glens Falls Newspapers*, 160 F.3d at 858.

In accord with these principles, courts routinely authorize the sealing or redaction of draft settlement agreements and other documents prepared as part of settlement negotiations. *See,*

Hon. George B. Daniels
April 21, 2026
Page 3 of 3

*e.g., Glens Falls Newspapers*, 160 F.3d 853; *Heilbut*, 2025 WL 1653839, at *1; *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *3 (S.D.N.Y. Dec. 13, 2024); *Liu*, 2023 WL 3750116, at *2. ARC asks that this Court do the same.

The Draft Settlement Agreement filed at docket number 12-1 is part of confidential—and ongoing—discussions between ARC and the U.S. Attorney's Office. It has never been submitted to this or any other court in final form, let alone for any sort of enforcement. As the Second Circuit has held, the presumption of public access to such a document is "negligible to nonexistent." Any public interest in the disclosure of the Draft Settlement Agreement is easily outweighed by the parties' interests in being able to conduct frank and open settlement discussions ████████████████████████████████████████████████████ ARC thus requests that docket entry 12-1 be sealed.

Thank you very much for your time and attention to this matter.

Respectfully,

John Moore