# Clifford Chance

Direct Dial: 212-878-3140
E-mail: anthony.candido@cliffordchance.com

**BY ECF**                                                                                    June 4, 2026

Honorable George B. Daniels
United States District Judge, SDNY
United States Courthouse
500 Pearl St
New York, NY 10007

Re:     Opposition to Motion for Leave to Withdraw as Counsel
        *Angelica Capital Trust v. Addiction Recovery Care LLC et al.*, 26 Civ. 241 (GBD)

Your Honor:

I write on behalf of Petitioner Angelica Capital Trust ("Angelica") in Opposition to the Motion for Leave to Withdraw as Counsel [ECF No. 120] and the accompanying Declaration of Jeffrey M. Eilender, dated June 4, 2026 ("Eilender Decl.") [ECF No. 120] filed by Schlam Stone & Dolan LLP, which acts as counsel to Respondents in this action.  There are two aspects of the motion that would cause unfair prejudice to Angelica if granted.

***First***, ARC's counsel "seek a stay of this matter for 30 days ***after*** this Court removes the case from the suspense docket so that Respondents can obtain new counsel." (Eilender Decl. ¶ 5 (emphasis added).)  Such a stay would cause undue and unnecessary delay in any efforts by Angelica after the conclusion of its pending Arbitration against Respondents to confirm the Award and seek distribution of the funds currently subject to this Court's order.  Based on the current schedule in the Arbitration, the Arbitrator is scheduled to issue a decision by July 18, 2026, *i.e.*, more than 30 days from now.  Respondents should begin efforts to identify any substitute counsel now, rather than waiting until after the Arbitration concludes.  In the meantime, the Schlam firm

**Clifford Chance US LLP**
Two Manhattan West · 375 9th Avenue · New York, NY 10001
Tel +12128788000 · cliffordchance.com

1

# Clifford Chance

**Clifford Chance US LLP**

should remain counsel of record until such substitute counsel appears in this action. Given that this case is currently on the suspense docket, presumably the Schlam firm will not be incurring any expenses in the meantime, and accordingly, will suffer no hardship. In that connection, we note that Addiction Recovery Care, LLC ("ARC") is involved in a number of litigations concerning various other contractual defaults of ARC, and has counsel other than the Schlam firm in those cases.[1] ARC also has different counsel in the Arbitration.

To the extent that the Schlam firm is concerned that ARC will not be able to find substitute counsel, permitting withdrawal now will occasion potentially even greater delay — and greater prejudice to Angelica — after the Arbitration, if ARC is then **both** without counsel (because of the Schlam firm's withdrawal) and unable to locate new counsel in any timely fashion.

We further note that although Schlam firm is seeking withdrawal based on ARC's non-payment of fees, it can hardly be said that it was unaware of this risk when it came into the case. This action arose because ARC had threatened insolvency and defaulted on its debt to Angelica. The Schlam firm was itself substitute counsel after ARC's original counsel withdrew, under the circumstances that ARC had just violated your Honor's injunction restraining ARC from making transfers out of its bank accounts. When the Schlam firm entered the case, ARC was saying it had been spending restrained funds because it needed them to just to get by.

---

[1] *See Core Funding Source LLC v. Addiction Recovery Care LLC et al.*, Index No. 609411/2026 (N.Y. S.Ct. Nassau County); *EN OD Capital v. Addiction Recovery Care LLC et al.*, Index No. 520285/2026 (N.Y. S.Ct. Kings County); *Addiction Recovery Care LLC et al v. Core Funding Source LLC*, Index No. 517793/2026 (N.Y. S.Ct. Kings County); *Addiction Recovery Care LLC et al. v. Pinnacle Business Funding LLC*, Index No. 512504/2026 (N.Y. S.Ct. Kings County); *Addiction Recovery Care LLC et al. v. Itria Ventures LLC*, Index No. 515428/2026 (N.Y. S.Ct. Kings County); *DLP Funding LLC v. Addiction Recovery Care LLC et al.*, Index No. 75701/2026 (N.Y. S.Ct. Warren County); *Parkview Advance LLC v. Addiction Recovery Care LLC et al.*, Index No. E2026013596 (N.Y. S.Ct. Monroe County); *Pioneer Health Group, Addiction Recovery Care LLC, et al. v. Smart Business*, Index No. 512336/2026 (N.Y. S.Ct. Kings County); *Swiss Fund LLC v. Addiction Recovery Care et al.*, No. FST-CV25-6077311-S (Conn. Super. Ct. Nov. 21, 2025).

# Clifford Chance

**Clifford Chance US LLP**

Mr. Eilender's Declaration also does not indicate whether Respondents consent to the withdrawal.

For all these reasons, Angelica respectfully submits that the Schlam firm should not be permitted to withdraw unless and until substitute counsel for Respondents appears in this action.

***Second***, under the cover of the Motion to Withdraw, ARC seeks to re-litigate the order this Court issued in response to Angelica's sanctions motion after ARC violated this Court's injunction. That order required ARC to provide daily updates to Angelica concerning the court-ordered segregation of funds, which ARC has been doing with minimal burden.  There is no reason to change that order; indeed, the risks it was meant to address are only heightened if counsel is seeking to withdraw.  We note further that Angelica's electronic access to the account has been intermittent (due to technological factors) and so Angelica continues to require the updates to ensure that ARC continues to comply with this Court's order.

For all these reasons, we respectfully submit that the Motion should be denied.

Respectfully submitted,

_____

Anthony M. Candido

CLIFFORD CHANCE US LLP
*Attorneys for Petitioner*
*Angelica Capital Trust*

cc:    All Counsel of Record (*via* ECF)